UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILES COOPERMAN | Case No. 22 CR 146<br><br>Judge Sharon Johnson Coleman |

**GOVERNMENT'S NOTICE OF RECENT AUTHORITY
RELATED TO DEFENDANT'S MOTION TO DISMISS**

The UNITED STATES OF AMERICA, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, submits this notice of recent, supplemental authority relevant to defendant Miles Cooperman's motion to dismiss the indictment (Dkt. 22). In particular:

1. Cooperman is charged with possession of a silencer, in violation of Title 26, United States Code, Section 5861(d) (Count One), and possession of a machinegun, in violation of Title 18, United States Code, Section 922(o) (Count Two). Cooperman has moved to dismiss these charges as unconstitutional under the Second Amendment, pursuant to *New York State Rifle & Pistol Ass'n v. Bruen,* 142 S. Ct. 2111 (2022).

2. Since the government filed its response and surreply in this matter (Dkt. 38, 52), two district courts—including one court in the Northern District of Illinois—have rejected *Bruen*-based challenges to Section 922(o).

3. On March 28, 2023, the Honorable Virginia M. Kendall issued a memorandum opinion and order in *United States v. Dixon,* 22 CR 140, Dkt. 76

1

(attached as Exhibit A). In *Dixon*, Judge Kendall concluded that "*Miller, Heller,* and *Bruen* foreclose any challenge to the federal machinegun ban" and that "the Second Amendment simply does not extend to "dangerous and unusual weapons." Ex. A at 6.

4. On February 10, 2023, the Honorable Jason Pulliam, United States District Judge for the Western District of Texas, issued a memorandum opinion and order in *United States v. Simien,* Case No. SA-22-CR-00379-JKP, 2023 WL 1980487 (W.D. Tex. Feb. 10, 2023). *Simien* held:

> In *United States v. Miller*, the Supreme Court rejected a Second Amendment challenge to the indictment of two men for transporting an unregistered short-barreled shotgun in interstate commerce, in violation of the National Firearms Act. In *Heller*, the Supreme Court explained that *Miller* stands for the proposition "that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizen for lawful purposes, such as short-barreled shotguns." *Heller* explicitly rejected a proposed reading of *Miller* that would render the National Firearms Act's restrictions on machineguns as unconstitutional.
>
> The Fifth Circuit in *Hollis* held machineguns "do not receive Second Amendment Protection" because they "are dangerous and unusual and therefore not in common use." Today, machineguns remain dangerous and unusual. Machineguns, which have been likened to pipe bombs and hand-grenades, are within the category of weapons of "quasi-suspect character" that are inherently dangerous. They are also unusual. In *Hollis*, the Court held that the number of civilian-owned machineguns, about 176,000, fell far short of the amount necessary to be considered in common use. Circumstances have not meaningfully changed since then. Although the number of civilian-owned machineguns has increased to about 740,000, this amount—which is less than .2% of total firearms in the United States—remains too insignificant for machineguns to be considered in common use.
>
> Based on this evidence, the Court finds machineguns are within the category of "dangerous and unusual" weapons that do not receive Second Amendment protection.

*Id.* at *9 (internal citations omitted).

5. *Dixon* and *Simien* support arguments the government has advanced in its response and surreply to defendant's motion to dismiss. *See* Dkt. 38 at 4-7; Dkt. 52 at 1-4.

> Respectfully submitted,
> MORRIS PASQUAL
> Acting United States Attorney
>
> By: */s/Shawn McCarthy*
> SHAWN McCARTHY
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 353-5300

Dated:   March 30, 2023