UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MILES COOPERMAN | Case No. 22 CR 146<br><br>Judge Sharon Johnson Coleman |

**GOVERNMENT'S NOTICE OF ADDITIONAL AUTHORITY**
**RELATED TO DEFENDANT'S MOTION TO DISMISS**

The UNITED STATES OF AMERICA, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, submits this notice of additional authority relevant to defendant Miles Cooperman's motion to dismiss the indictment charging him with violations of 18 U.S.C. § 922(o) and 26 U.S.C. § 5861(d). Dkt. 22. Earlier this month, two federal appeals courts published decisions that bear on a felon's right to possess a firearm under 18 U.S.C. § 922(g)(1), and a third federal appeals court published a decision on the constitutionality of Sentencing Guideline § 2D1.1(b)(1). Although defendant's pending motion involves a constitutional challenge to different firearm-dispossession statutes (and no Guidelines-related challenge), the government nonetheless wanted to apprise the Court of these recent decisions given the rapidly evolving nature of this area of the law. More specifically:

1. On June 2, 2023, the Eighth Circuit Court of Appeals decided *United States v. Jackson*, No. 22-2870, 2023 WL 3769242 (8th Cir. June 2, 2023), which involved an as-applied challenge to § 922(g)(1) under the Second Amendment.

1

*Jackson* upheld the statute's constitutionality, as applied to an individual whose disqualifying offenses were state-law felonies for selling controlled substances. *Id.* at *4-*8. *Jackson* explained that *Bruen* "did not disturb" the Supreme Court's prior "assurances" that its Second Amendment precedents do not cast doubt on felon-dispossession laws; that "there is considerable support in the historical record" for a legislature's authority "to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society"; and that relevant historical firearm regulations included "no requirement for an individualized determination of dangerousness as to each person in a class of prohibited persons." *Id.*

    2.    On June 6, 2023, the Third Circuit Court of Appeals decided *Range v. Garland*, No. 21-2835, 2023 WL 3833404 (3d Cir. June 6, 2023) (en banc), which also involved an as-applied Second Amendment challenge to § 922(g)(1). *Range* held the statute unconstitutional as applied to an individual with a disqualifying 1995 conviction for a state-law fraud offense. *Id.* at *1. *Range* "reject[ed] the Government's contention that only 'law-abiding, responsible citizens' are counted among 'the people' protected by the Second Amendment." *Id.* at *5. It further held "that the Government has not shown that the Nation's historical tradition of firearms regulation supports depriving Range of his Second Amendment right to possess a firearm." *Id.* at *8. *Range*, however, emphasized that its "decision today is a narrow one," applying "only" to plaintiff Range "given his violation of" a Pennsylvania statute criminalizing making a false statement to obtain food stamps. *Id.*

2

3. On June 13, 2023, the Ninth Circuit Court of Appeals upheld the constitutionality of Sentencing Guideline § 2D1.1(b)(1). *See United States v. Alaniz*, No. 22-30141, 2023 WL 3961124, at *3–5 (9th Cir. June 13, 2023). That Guideline provision increases a defendant's offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed" during a drug offense. U.S.S.G. § 2D1.1(b)(1). *Alaniz* held that the enhancement was constitutional under the Second Amendment because there is "a longstanding historical tradition of enhancing a defendant's sentence for the increased risk of violence created by mere possession of a firearm during the commission of certain crimes" and that "drug trafficking fits squarely within that category of crimes." *Id.* at *4-*5.

4. Finally, a decision by the Seventh Circuit Court of Appeals in *Atkinson v. Garland*, Appeal No. 22-1557, which involves an as-applied challenge to the constitutionality of § 922(g)(1), remains pending.

                                    Respectfully submitted,

                                    MORRIS PASQUAL
                                    Acting United States Attorney

                              By: */s/Shawn McCarthy*
                                    SHAWN McCARTHY
                                    Assistant United States Attorney
                                    219 South Dearborn Street
                                    Chicago, Illinois 60604
                                    (312) 353-5300

Dated:     June 20, 2023