UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 22 CR 146 |
| v. | |
| MILES COOPERMAN | Judge Sharon Johnson Coleman |

FILED
FEB 05 2024
Judge Sharon Johnson Coleman
United States District Court

## PLEA AGREEMENT

1. This Plea Agreement between the Acting United States Attorney for the Northern District of Illinois, MORRIS PASQUAL, and defendant MILES COOPERMAN, and his attorneys, ILIA USHAROVICH and SHELDON SOROSKY, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with possession of a silencer not then registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d) (Count One) and possession of a machinegun, in violation of Title 18, United States Code, Section 922(o) (Count Two).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following count of the indictment: Count Two, which charges defendant with possession of a machinegun, in violation of Title 18, United States Code, Section 922(o). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charge contained in Count Two of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about April 12, 2019, at Highland Park, in the Northern District of Illinois, Eastern Division, defendant MILES COOPERMAN, knowingly possessed a machinegun, as defined in 26 U.S.C. § 5845(b), namely two Glock Conversion Devices, also known as "Glock switches," transferred to the custody of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") on April 12, 2019, in violation of Title 18, United States Code, Section 922(o).

More specifically, on April 12, 2019, ATF special agents spoke with defendant in the driveway of defendant's residence. Defendant told agents that he ordered three silencers and two Glock switches from a website.

2

During the conversation, agents asked defendant if he still had the Glock switches and silencers. Defendant responded that the items were inside his residence. Agents further inquired whether the Glock switches or silencers were registered to him. Defendant informed the agents that he did not have a "stamp" for the items, by which defendant meant that the silencers and Glock switches were not registered to him in the National Firearms Registration and Transfer Record.

Defendant agreed to retrieve the items and surrender them to ATF. Defendant walked back into his home and approximately ten minutes later, defendant walked out of his home and handed the agents two Glock Conversion Devices, also known as "Glock switches" and two silencers. Defendant told agents that the third silencer was in Wisconsin and that he would go to Wisconsin over the weekend to get it and surrender it to ATF.

On or about April 16, 2019, defendant drove to the ATF Chicago Field Office and handed agents a silencer component designed or redesigned for the use in assembling or fabricating a silencer.

Defendant acknowledges that he knew a Glock Conversion Device, also known as "Glock switch," was a part designed and intended for use in converting a Glock handgun to automatically shoot more than one shot, without manual reloading, by a single function of the trigger, as defined in Title 26, United States Code, Section 5845(b).

3

Defendant further acknowledges that all three silencers and silencer components he surrendered to ATF were devices for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, as defined in Title 26, United States Code, Section 5845(a).

Defendant also acknowledges that prior to transferring the Glock switches and silencers and silencer components to ATF, he did not register, or seek to register, any of them with the National Firearms Registration and Transfer Record.

## Maximum Statutory Penalties

7. Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

    a. A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

    b. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty imposed.

## Sentencing Guidelines Calculations

8. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider

4

that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points unless indicated otherwise:

    a. **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the 2023 Guidelines Manual.

    b. **Offense Level Calculations**.

        i. The base offense level is 18, pursuant to Guideline § 2K2.1(a)(5), because the offense involved a firearm described in 26 U.S.C. § 5845(a), that is, a machinegun.

    ii.  The offense level is increased by 2 levels, pursuant to § 2K2.1(b)(1)(A), because the offense involved five firearms, which is between three and seven firearms.

    iii.  Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    iv.  In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

    v.  It is the government's position that defendant does not meet the criteria set forth in Guidelines § 4C1.1(a), because the defendant possessed, received, purchased, transported, transferred, sold, or otherwise disposed of a firearm

or other dangerous weapon (or induced another participant to do so) in connection with the offense. The defense reserves the right to advocate that Guidelines § 4C1.1(a) does apply.

    c.    **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

    d.    **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level is 17 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 24 to 30 months' imprisonment, in addition to any supervised release and fine the Court may impose.

    e.    Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation

officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B) as to the guideline calculations or appropriate guideline range, and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. The government agrees to recommend that defendant be sentenced to a term of probation. The defendant is free to recommend whatever sentence he deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

14. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

15. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining count of the indictment as to defendant.

### Forfeiture

16. Defendant understands that, by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

9

17.     Defendant agrees to forfeiture of the following specific property to the United States: two Glock Conversion Devices and two silencers transferred to ATF custody on April 12, 2019, and one part designed or redesigned for use in assembling or fabricating a silencer transferred to the custody of ATF on April 16, 2019. In doing so, defendant admits that the property described above was involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

18.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

19.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22 CR 146.

21. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

    a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge

11

sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.

Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

   vi. At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

   vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

   viii. With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

  b. **Waiver of appellate and collateral rights**. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was

13

determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

23. Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

24. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

14

25. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

15

## Other Terms

27. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

28. Defendant will not object to a motion brought by the United States Attorney's Office for the entry of an order authorizing disclosure of documents, testimony and related investigative materials which may constitute grand jury material, preliminary to or in connection with any judicial proceeding, pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i). In addition, defendant will not object to the government's solicitation of consent from third parties who provided records or other materials to the grand jury pursuant to grand jury subpoenas, to turn those materials over to the Civil Division of the United States Attorney's Office, or an appropriate federal or state agency (including but not limited to the Internal Revenue Service), for use in civil or administrative proceedings or investigations, rather than returning them to the third parties for later summons or subpoena in connection with a civil or administrative proceeding involving, or investigation of defendant. Nothing in this paragraph or the preceding paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

29. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

30. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

31. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 2/5/24

_____
MORRIS PASQUAL
Acting United States Attorney

_____
MILES COOPERMAN
Defendant

_____
SHELDON SOROSKY
Attorney for Defendant

_____
SHAWN McCARTHY
Assistant United States Attorney

_____
ILIA USHAROVICH
Attorney for Defendant

18